REQUENA *v.* MESA ET AL.

## APPEAL from the District Court of San Juan.

No. 86.—Decided December 22, 1906.

APPEAL—EVIDENCE—STATEMENT OF FACTS—BILL OF EXCEPTIONS—STENOGRA-
PHER'S NOTES.—Where in the transcript of the record filed on appeal no bill
of exceptions or statement of facts is included, it is impossible for the
appellate court to consider the questions based on the evidence taken at the
trial, and the notes taken by the stenographer during the trial cannot be
used as a substitute for either of these documents, and should form no part
of the transcript.

The facts are stated in the opinion.

*Mr. Freyre Barbosa* for appellants.

*Mr. Antonsanti* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought by the plaintiff on the 7th of De-
cember, 1905, against the defendants on a promissory note
for $448. The defendants were sought to be made liable both
individually and as members of the partnership of Dordal
& Mesa. Being duly served they answered, denying that they
constituted the firm of Dordal & Mesa, and alleging that their
minor sons were the real partners; also denying that they had
received $448 as a loan, but that they had borrowed $400, and
that the $48 was added as usurious interest; so the two ques-
tions of partnership and usury are the defenses made in this
case.

In bringing the case to this court the attorney for the ap-
pellants neglects to present either a bill of exceptions or a
statement of facts, but instead of doing so, files what he cer-
tifies to be copies of the promissory note, and of the articles
of partnership, and of the stenographer's notes taken upon
the trial.

We have repeatedly decided that the notes of the steno-
grapher cannot be considered in this court, and we have also
decided that when a case turns upon the facts presented in
the court below, that this court cannot review it without the
bill of exceptions or a statement of facts. The necessity for

such a statement is plainly apparent from the appellants' brief, if it were not otherwise shown. As to the necessity of a statement of facts there are numerous decisions of this. court with which it is to be hoped that the bar will eventually become familiar. Reference may be made, among others to the cases of *People of Porto Rico* v. *Osvaldo Labord et al.,* decided on the 4th of November, 1905; *People of Porto Rico* v. *Pascual Borrás et al.,* decided 24th of November, 1905; *Valentín Román* v. *American Railroad Company of Porto Rico,* decided herein on the 29th of January, 1906; *Suárez Acevedo* v. *José Solá Morales,* decided on the 31st of January, 1906; *Pablo Asencio* v. *Belén Alvarez Torres,* decided 2d of February, 1906; *Cora May Belden de Smith* v. *Gabriel González y García,* decided 9th of March, 1906; *Juan Y. Coloca* v. *José Vilaseca* and *María Justa García,* decided 12th of March, 1906; *Andrés Orsini y Santini* v. *Eugenio Comas Atresino et al.,* decided 14th of March, 1906; *José Inés Acevedo* v. *Pantaleón Anez,* decided 15th of March, 1906; *El Convento de las M. M. Carmelitas* v. *Manuel F. Rossy,* decided 15th of March, 1906; *Sobrinos de Ezquiaga* v. *Modesto Munítiz,* decided 16th of March, 1906; *Juan Mollfulleda* v. *Francisco Ramos Latour,* decided 20th of March, 1906; *Octavio Ramírez* v. *Dolores Surillo et al.,* decided 28th of March, 1906; *Sebastián Moll Romani* v. *María Llompart y Muriel,* decided 28th of March, 1906; *José Hernández y Ríos* v. *Juana García Rivera,* decided 31st of March, 1906.

Examining the pleadings and the judgment of the court, which are the only matters properly presented to this court for review, there is no error of the trial court apparent upon the record, and for this reason the judgment must be affirmed..

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not take part in the decision of this. case.